```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


COLONY INSURANCE COMPANY,       §
                                §
          Plaintiff,            §
                                §
v.                              §    CIVIL ACTION NO. H-06-2697
                                §
THE KROGER CO. and              §
JUAN TREVINO,                   §
                                §
          Defendants.           §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment (Docket Entry No. 8) and Defendant/Counter-Plaintiff, The Kroger Co.'s Cross-Motion for Summary Judgment to Plaintiff/Counter-Defendant, Colony Insurance Company's Motion for Complete Summary Judgment (Docket Entry No. 14). For the reasons stated below, plaintiff's motion will be granted and defendant's motion will be denied.

## I. Background

This is an insurance coverage dispute. Plaintiff, Colony Insurance Company ("Colony"), brought this action seeking a declaratory judgment that it does not have a duty to defend its insured, The Kroger Co. ("Kroger"), under its commercial general liability policy in a suit by one of Kroger's employees.

On October 24, 2003, Juan Trevino, an employee of Kroger, was returning from a break when he allegedly slipped on an area in the

store that had recently been mopped.[1]  On October 21, 2005, Trevino filed a lawsuit in state court against Kroger, alleging that Kroger breached its duty of care by not marking the wet area with a warning sign.[2]  At the time of the incident, employees of Preferred Floor Maintenance, Inc. ("Preferred Floor") were working at the store under a service agreement with Kroger to maintain the floor. Preferred Floor was covered by a commercial general liability policy (the "Policy") issued by Colony.[3]  Pursuant to the service agreement, Preferred Floor instructed Colony to issue a certificate of liability insurance naming Kroger as an additional insured on the Policy.[4]  Kroger requested that Colony provide it with a defense and coverage for the claims made in the Trevino lawsuit.[5] Colony agreed to defend Kroger subject to its reservations of rights.[6]

---

[1]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, Exhibit A, Plaintiff's Third Amended Petition, ¶ 6.

[2]Id.

[3]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, Exhibit B, Commercial General Liability Policy.

[4]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, p. 4.

[5]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, Exhibit C.

[6]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, Exhibit D.

Colony argues that summary judgment is appropriate because the petition in the underlying lawsuit alleges facts that fall within Policy exclusions and, therefore, Colony does not have a duty to defend Kroger.[7]  Colony also seeks damages from Kroger for the costs associated with Kroger's defense.[8]  Kroger responds by arguing that the underlying lawsuit is not excluded from Policy coverage and requests summary judgment that Colony has a duty to defend Kroger in the Trevino lawsuit.[9]  Kroger also argues that Colony is not entitled to damages and seeks attorney's fees itself.[10]

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  A material fact is a fact that is identified by applicable

---

[7]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8.

[8]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, p. 21.

[9]Defendant/Counter-Plaintiff, The Kroger Co.'s Response to Plaintiff/Counter-Defendant, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 13, pp. 10-20.

[10]Defendant/Counter-Plaintiff, The Kroger Co.'s Response to Plaintiff/Counter-Defendant, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 13, pp. 21, 23.

substantive law as critical to the outcome of the suit. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986). To be genuine the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. <u>Id.</u> at 2511.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. <u>Celotex Corp.</u>, 106 S. Ct. at 2553. In response to such a showing, the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial. <u>Id.</u>

### III.  Applicable Law

Because this action arises under diversity jurisdiction, Texas substantive law applies. <u>Erie R. Co. v. Tompkins</u>, 58 S. Ct. 817 (1938); <u>Guaranty National Ins. Co. v. Azrock Industries Inc.</u>, 211 F.3d 239, 243 (5th Cir. 2000). The insured bears the initial burden of establishing that there is coverage under an applicable insurance policy, while it is the insurer's burden to prove the applicability of an exclusion from coverage. <u>Venture Encoding Serv., Inc. v. Atlantic Mutual Ins. Co.</u>, 107 S.W.3d 729, 733 (Tex. App. -- Fort Worth 2003, pet. denied).

Under Texas law insurance policies are subject to the general rules of interpretation and construction applicable to contracts. Progressive County Mut. Ins. Co. v. Sink, 107 S.W.3d 547, 551 (Tex. 2003). Terms in the policies are given their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning. Western Reserve Life Ins. v. Meadows, 261 S.W.2d 554, 557 (Tex. 1953); Bituminous Cas. Corp. v. Maxey, 110 S.W.3d 203, 208-09 (Tex. App. -- Houston [1st Dist.] 2003, pet. denied). When a contract as worded can be given "a definite or certain legal meaning," then it is unambiguous as a matter of law, and the court enforces it as written. Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995). If, however, the policy is susceptible to more than one reasonable interpretation, the court must resolve the ambiguity in favor of the insured. Progressive County, 107 S.W.3d at 551 (quoting Grain Dealers Mut. Ins. Co. v. McKee, 943 S.W.2d 455, 458 (Tex. 1997)). Whether an ambiguity exists in the policy is a question of law for the court to determine. Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998). The court will not find a contract ambiguous, however, merely because the parties advance conflicting interpretations. Id. at 465.

In deciding whether an insurer owes a duty to defend, Texas courts apply the "eight-corners" rule. Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, 939 S.W.2d 139, 141 (Tex. 1997). Under this rule an insurer's duty to defend its insured arises if the complaint alleges facts that potentially support claims for

-5-

which there is coverage.  Id.  The court must compare the four corners of the complaint with the four corners of the insurance policy to determine if the underlying allegations possibly fall within the coverage of the policy.  Id.  If the pleadings do not allege facts within the scope of coverage, the insurer is not legally required to defend the insured.  Id.; Am. Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 848 (Tex. 1994).

When applying the eight-corners rule the court gives a liberal interpretation to the factual allegations contained in the complaint.  Nat'l Union, 939 S.W.2d at 141.  The allegations are considered in light of the insurance policy without regard to their truth or falsity.  Argonaut Southwest Ins. Co. v. Maupin, 500 S.W.2d 633, 635 (Tex. 1973); GuideOne Elite Ins. Co. v. Fielder Road Baptist Church, 197 S.W.3d 305, 308 (Tex. 2006).  All doubts regarding coverage are resolved in favor of the insured.  Nat'l Union, 939 S.W.2d at 141 (citing Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22, 26 (Tex. 1965)).  However, the court may not read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage.  Id. at 142.

### IV.  Analysis

**A.  Does Colony Have a Duty to Defend Kroger?**

The Policy excludes coverage for

> Bodily injury to . . . an "employee" of the insured arising out of and in the course of:

-6-

>   (a) Employment by the insured; or
>
>   (b) Performing duties related to the conduct of the insured's business.[11]

Colony argues that the facts alleged in Trevino's petition fall within this exception and it therefore does not owe Kroger a duty to defend.[12] Defendant does not dispute that this provision applies to Kroger as an additional insured. Instead, Kroger argues that Trevino's pleadings raise the possibility that his injury did not occur as a result of his employment and therefore does not fall within the Policy exclusion.[13]

In his petition, Trevino alleges that he had been employed by Kroger since 1973, and that on the date of the accident, October 24, 2003, he "was working the night shift as a grocery stocker. . . . On that night, [he] . . . was taking an authorized break and went outside of the store. Upon returning from his break, Mr. Trevino stepped into the store and slipped upon an area that had just been mopped . . . ."[14] Trevino alleges that his

---

[11]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, Exhibit B, Section 1(2)(e)(1).

[12]Colony also argues that coverage is excluded by two other provisions. However, because the court concludes that coverage is excluded by the Employer's Liability Exclusion, the court will not address these arguments.

[13]Defendant/Counter-Plaintiff, The Kroger Co.'s Response to Plaintiff/Counter-Defendant, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 13, pp. 11-12.

[14]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, Exhibit A, Plaintiff's Third Amended Petition, ¶ 6.

"lawsuit arises from personal injuries which [he] sustained while working in the course and scope of his employment for [The Kroger Co.]."[15]  The Texas Supreme Court has held that "arise out of" means that "there is simply a causal connection or relation, which is interpreted to mean that there is but-for causation, though not necessarily direct or proximate causation." Utica Nat. Ins. Co. of Tex. v. American Indem. Co., 141 S.W.3d 198, 203 (Tex. 2004) (internal citations omitted).

The court is persuaded that Trevino's accident "arose out of" and "was in the course of" his employment.  Trevino alleges that he was returning from his break and that he was injured in the store where he worked during working hours.  The fact that he had been on break prior to the accident is immaterial.  Cf. Tex. Employers' Ins. Ass'n v. Dean, 604 S.W.2d 346 (Tex. Civ. App. -- El Paso 1980, no pet.) (holding that an employee who was attacked in the parking lot while leaving work was "in the course of" her employment for purposes of workers' compensation); Nat'l Union Fire Ins. Co. v. Nat'l Convenience Stores, 891 S.W.2d 20, 21 (Tex. App. -- San Antonio 1994, no pet.) (holding that injuries suffered by an employee during a Christmas party arose "out of and in the course of" her employment).  Summary judgment in favor of Colony is therefore appropriate.

---

[15] Id.

**B.   Damages**

Colony seeks damages for the expenses incurred while defending Kroger under a reservation of rights.[16]  Pending before the Texas Supreme Court is the case of Excess Underwriters at Lloyd's London v. Frank's Casing Crew & Rental Tools, 48 Tex. Sup. Ct. J. 735, 2005 Tex. LEXIS 418 (Tex. 2005)(reh'g granted).  In Frank's Casing the Court held that Texas law allows insurers who dispute coverage to recoup settlement payments if it is later determined that claims against the insured were not covered.  Id. at *1.  "However, the supreme court did not address the question of whether insurers could ever recover the costs of defending an insured whose policy was later determined to not cover the case at issue, without a settlement."  Nautilus Ins. Co. v. Nevco Waterproofing, 2006 U.S. App. LEXIS 25460 at *3-4 (5th Cir. Oct. 11, 2006).  Because there has been no settlement in this case, Frank's Casing does not apply. Id.  Colony is therefore not entitled to damages.

### V.   Conclusion and Order

For the reasons stated above, the court concludes that summary judgment is warranted and that plaintiff be awarded a declaratory judgment, but that plaintiff is not entitled to damages. Plaintiff, Colony Insurance Company's, Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED** and Defendant/Counter-Plaintiff,

---

[16]Plaintiff, Colony Insurance Company's Motion for Complete Summary Judgment, Docket Entry No. 8, pp. 20-21.

The Kroger Co.'s Cross-Motion for Summary Judgment to Plaintiff/ Counter-Defendant, Colony Insurance Company's Motion for Complete Summary Judgment (Docket Entry No. 14) is **DENIED**.

**SIGNED** at Houston, Texas, on this 26th day of January, 2007.

                                          SIM LAKE
                            UNITED STATES DISTRICT JUDGE